IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DURAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0310-WS-N |
| | ) |
| **BAY INN & SUITES, L.L.C., etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

Defendant Rick Patel previously filed an answer on behalf of all four defendants. (Doc. 4). The Court ordered that answer stricken, since Patel was not authorized by law to represent the other defendants. (Doc. 5). Patel has nevertheless filed a second answer on behalf of the entity defendant. (Doc. 6). For reasons set forth in the Court's previous order, that answer is **stricken**.

Patel and the other two individual defendants have now filed separate answers on their own behalf. (Docs. 7-9). As discussed in the Court's previous order, this is permissible. However, the answers remain deficient on many grounds. The requirements of an answer are set forth primarily in Federal Rule of Civil Procedure 8(b). Among other requirements, the answer must "admit or deny the allegations asserted against [the defendant] by [the] opposing party" and "state in short and plain terms its defenses to each claim asserted against it." *Id*. Rule 8(b)(1)(A), (B). In addition, stylistic requirements are set forth in Rule 10 and 11(a), as well as in Local Rule 5.1. The individual defendants' answers, which are labeled as "answer[s]" but which read more like letters, violate many of these requirements.

Moreover, although nominally filed only on behalf of a single individual defendant, each answer purports to raise matters on behalf of the entity defendant. This, for reasons set forth in the Court's previous order, is impermissible. Finally, the answers

purport to ask the Court questions and seek Court rulings on various matters. "A request for a court order must be by motion." Fed. R. Civ. P. 7(b)(1); *accord* Local Rule 5.1(d). The defendants have not properly sought an order as to the matters raised.

All litigants, including those representing themselves, "shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order." Local Rule 83.9(b). Moreover, "both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005). Thus, the individual defendants must comply with the applicable rules whether or not they are represented by counsel. Because their answers do not come close to doing so, repleader is required.

The individual defendants suggest they require an additional 90 days to file an amended answer actually responding to the allegations of the complaint. While the Court is not averse to a brief extension of time beyond the 21 days provided by Rule 12(a)(1)(A)(i), the defendants offer no sound basis for an unprecedented three-month extension.[1]

For the reasons set forth above, the individual defendant are **ordered** to file and serve, on or before **July 3, 2012**, amended answers and/or motions compliant with applicable rules, including but not limited to those set forth herein.

DONE and ORDERED this 19th day of June, 2012.

                         s/ WILLIAM H. STEELE
                         CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The defendants appear to believe they must possess all potentially relevant facts before responding to the complaint. Rules 8(b) and (c), however, do not require such detail, only an ability to admit or deny the complaint's allegations and to assert any affirmative defenses, subject to the certification requirement of Rule 11(b).