IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DURAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0310-WS-N |
| | ) |
| BAY INN & SUITES, L.L.C., etc., et al., | ) |
| | ) |
|     Defendants. | ) |

ORDER

This matter is before the Court on the motion of defendant Bay Inn & Suites, LLC ("Bay Inn") to set aside entry of default. (Doc. 32). The parties have filed briefs in support of their respective positions, (Docs. 32, 34, 35), and the motion is ripe for resolution.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The burden is on Bay Inn, as the defaulting party, to show good cause. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

The good cause standard is a "liberal" one, "elastic" but not endlessly so. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotes omitted). While there are no absolute criteria that must be satisfied, the most commonly considered factors are: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defaulting party has a meritorious defense. *Id*. These are the only factors either party asks to be considered, and the Court accordingly limits its evaluation to these three.

Willfulness or culpability is shown "by displaying either an intentional or reckless disregard for the judicial proceedings." *Compania Interamericana*, 88 F.3d at 951-52. The record confirms that Bay Inn's failure to respond to the complaint was not due to

disregard for the judicial proceedings but was due to the individual, pro se defendants' delay in recognizing that only a licensed attorney, and not they themselves, could represent Bay Inn's interests in court.  An individual defendant, as manager of Bay Inn, filed an answer on its behalf in May and again in June, (Docs. 4, 6), so it is clear there was no intent to disregard the proceedings.  While this defendant's inability to comprehend pellucid orders explaining his inability to represent Bay Inn is puzzling, (Docs. 5, 10, 15), the Court finds it does not rise to the level of willfulness or culpability.

Default was entered against Bay Inn on August 14.  (Doc. 24).  The individual defendants did not file appropriate answers until September 7, (Docs. 27-29), and Bay Inn's motion to set aside entry of default was filed five days later.  The case is still in its infancy, with the Rule 16(b) scheduling conference yet to occur.  (Doc. 36).  The Court discerns, and the plaintiff identifies, no prejudice on this record.

The plaintiff sues for FLSA violations occurring on or after May 10, 2009.  (Doc. 1 at 5).  Bay Inn has submitted documents reflecting that the plaintiff has already received a government-brokered settlement of all FLSA claims for the period April 18, 2009 to November 6, 2010.  (Doc. 32, Exhibit 1).  Thus, at least a portion of the plaintiff's FLSA claim appears subject to a facially meritorious defense.

The entirety of the plaintiff's argument in opposition to Bay Inn's motion reads as follows:  "The Defendant has failed to demonstrate 'good cause' in relation to the setting aside of default."  (Doc. 34).  This ipse dixit provides the Court no basis for concluding that Bay Inn's showing, discussed above, is insufficient to establish the requisite good cause.  Accordingly, and for the reasons set forth above, the motion to set aside entry of default is **granted**.  The Clerk's entry of default against Bay Inn is **set aside**.

DONE and ORDERED this 24th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

[2]