IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DURAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0310-WS-N |
| ) | |
| BAY INN & SUITES, L.L.C., etc., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the defendants' motion to dismiss. (Doc. 46). The defendants argue that the plaintiff previously settled his FLSA claims, under the supervision of the Department of Labor. The plaintiff agrees that "it appears that the Plaintiff released and/or waived all of his claims pursuant to the Fair Labor Standards Act by entering into a settlement agreement negotiated by the Department of Labor" and that "[i]t appears that the Defendants honored the terms of said agreement." (Doc. 44 at 1). The plaintiff's admission is by itself sufficient to require that the defendants' motion be granted. Moreover, the documents submitted by the defendants confirm the accuracy of the plaintiff's admission. (Doc. 32, Exhibit 1).[1]

Subject matter jurisdiction is based exclusively on the presence of a federal question. (Doc. 1 at 2). The Court has supplemental jurisdiction over the plaintiff's state claim for breach of contract, but it "may decline to exercise supplemental jurisdiction … if … [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court so exercises its discretion.

---

[1] *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (a court may consider documents beyond the pleadings on a motion to dismiss if they are central to the plaintiff's claim and their authenticity is unchallenged).

For the reasons set forth above, the motion to dismiss is **granted**. The plaintiff's FLSA claims are **dismissed with prejudice**. His claim for breach of contract is **dismissed without prejudice**.

DONE and ORDERED this 11th day of March, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
